UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER JOHN TIMKO,

    Plaintiff,

v.                                                              Case No.:  2:25-cv-252-SPC-KCD

PETE HUNTER
CONSTRUCTION, INC. and
HUNTER JAMES LOWE,

    Defendants.
_____/

## OPINION AND ORDER

This matter comes before the Court after review of the docket.  Plaintiff Christopher John Timko brought this action in state court.  (Doc. 1-2). Defendants Pete Hunter Construction, Inc. and Hunter James Lowe removed. (Doc. 1).  Because Defendants failed to properly show citizenship and the amount in controversy, the Court ordered them to supplement to avoid remand. (Doc. 11).  They have since provided a supplement.  (Doc. 16). Because the amount in controversy remains in question, the Court remands.

A defendant may remove a civil action from state court if the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c).  "A removing defendant bears the burden of proving proper federal jurisdiction."

*Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Defendants invoke the Court's diversity jurisdiction. (Doc. 1 ¶ 5). A federal court has diversity jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Defendants have twice failed to show the amount in controversy exceeds $75,000.

Because the complaint alleges only the state-court jurisdictional amount, Defendants rely on Plaintiff's admissions and proposal for settlement to show the amount in controversy. But the Court already told Defendants that these documents do not prove the amount in controversy exceeds $75,000. (Doc. 11 at 4–5). Afterall, "diversity jurisdiction depends on an actual and factually demonstrable amount-in-controversy in excess of $75,000 and not on the parties' stipulation or the equivalent (and especially not a party's mere admission)." *Eckert v. Sears, Roebuck & Co.*, No. 8:13-CV-2599-T-23, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013). And the proposal for settlement "lacks any specific information to explain why one-million dollars is a reasonable assessment of the value of Plaintiff's claim, nor does the record in this case

support such a conclusion." *Crawford v. De Hernandez*, No. 2:24-CV-1138-SPC-NPM, 2025 WL 601248, at *1 (M.D. Fla. Feb. 25, 2025) (cleaned up).  So the Court must remand.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit, in and for Charlotte County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit, in and for Charlotte County, Florida.

3. The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadline, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 17, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3